PAUL A. BOULON, ETC., Plaintiff and Appellant, *v.* TEODORICO PÉREZ MERI, Defendant and Appellee.

No. 10036. Argued February 14, 1950.—Decided March 9, 1950.

*Brown, Newson & Córdova* for appellant.  *Clemente Ruiz Nazario* and *F. L. San Miguel* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The cardinal point involved in this action is whether the lower court acted correctly or not in granting a motion to dismiss the complaint on the ground that the latter does not state a claim.   It is therefore necessary to set forth and examine the essential averments thereof.   Briefly stated they are to the effect that the plaintiff, who at present is an incapacitated person and appears herein through his tutor, about June 9, 1938 entered with the defendant into a contract under a public deed, by which the former sold to the latter for the amount of $10,000 his business known as Refrigeration Supply Co., "including the entire assets, rights and actions thereof, but on condition that the defendant undertook, as he did undertake, to pay all existing liabilities of said business", one of these liabilities, expressly set forth in

the aforesaid deed of sale, being the payment of an item amounting to $5,194.40 in favor of the plaintiff, which the defendant has refused and refuses to do.

In the deed referred to, executed in English, after the appearance of the parties and after stating that the seller Paul A. Boulon up to then had been doing business under the name of Refrigeration Supply Co. and that he is the true and lawful owner of all the stock of merchandise, etc. utilized in the refrigeration business which he operated, it is stated in the second clause thereof that for the month ending May 31 of the current year (1938) the assets and liabilities of the business were as therein stated. It is likewise set forth in the fourth clause of the deed that the sale shall include all of the described property, together with the entire assets of the business including all rights, licenses, appurtenances, privileges, systems, formulas and good will incidental to the same; in the fifth clause, that the sale and transfer are made in consideration of the sum of $10,000, which is to be paid by the buyer in the following manner: $3,000 which the seller has received from the buyer in notes of several persons, amounting to $4,056.95, from which latter amount the seller kept $1,056.95 in order to pay several obligations of the business and the $600 to which amounted the monthly instalments of $50 which as special compensation the buyer bound himself to pay in favor of the seller and the buyer binding himself to pay the balance of $7,000 in the manner and on the dates specified in said clause. The eighth clause literally reads as follows: "The buyer hereby agrees and undertakes to pay all the existing liabilities of the business in connection with the same."

To the complaint thus filed the defendant filed a motion to dismiss for insufficiency. After the parties were heard, the lower court granted said motion and gave the plaintiff a term of ten days to amend his complaint. Upon the plaintiff praying in an extensive motion for the reconsideration of the order thus rendered and after once more hearing the parties,

the court in a reasoned and lengthy order ratified its view, denied the reconsideration sought and once more granted to the plaintiff a term of ten days to amend the complaint, if possible. Shortly thereafter the plaintiff filed certain motions respectively averring that he chose not to file an amended complaint because he deemed that his original complaint stated facts constituting a cause of action, and praying that judgment be entered against him. The court *a quo* complied, dismissing the complaint, and ordering the plaintiff to pay the costs, plus $250 as attorney's fees. The plaintiff appealed and in support of his action he maintains that the lower court erred in deciding that the complaint did not state a claim in favor of the plaintiff and against the defendant, as well as in ordering him to pay $250 as attorney's fees.

■■ A motion to dismiss like the one filed herein under Rule 12*b*(6) of the Rules of Civil Procedure,[1] based on the ground that the complaint, in the terms it is drawn, fails to state a claim, performs the same functions as the demurrer authorized by § 105, subdivision 6, of the Code of Civil Procedure and admits the truth of the material allegations of the complaint. *De la Cruz* v. *Government of the Capital*, 68 P.R.R. 496, 507–8; *Suárez* v. *Pereira*, 66 P.R.R. 227, 228; 2 Moore's Federal Practice, 2d ed., § 12.08, p. 2244.

In the fourth paragraph of the complaint, as we have indicated, it is alleged that one of the liabilities of the business assumed by the defendant under the aforesaid contract, and which is expressly set forth in the deed of sale, was an item of $5,194.40 in favor of the plaintiff and that the defendant has refused and refuses to pay said amount. The second clause of the deed of purchase and sale attached to the complaint indicates, as we have said, which are the assets and which the liabilities of the business object of the purchase and sale between the parties, the following item being listed

---

[1] Rule 12*b*(6) provides insofar as pertinent that: ". . . the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted."

among these latter liabilities: "P. A. Boulon—Personal—$5,194.40." Later on, clause eighth of the contract of purchase and sale states, as we have likewise said, that "The buyer hereby agrees and undertakes to pay all the existing liabilities of the business in connection with the same."

It cannot be denied that there is no obligation where a person is a creditor and debtor of himself. In this case the obligation is extinguished. Section 1146 of the Civil Code, 1930 ed. We say this because from the complaint as well as from the deed it appears that P. A. Boulon and Refrigeration Supply Co. are the same thing. That averment is more than clear in law. Nevertheless, where a natural person does business under a name other than his true name, or where he engages in several businesses under several names, entries which show the accounting state of said businesses with third parties as well as with the person who happens to be the owner of such businesses, are sometimes in accounting taken to the books of such business having a different commercial name or to those of the independent businesses. This may perhaps explain why if Boulon was doing business under the commercial name of Refrigeration Supply Co. there appeared in the debit side of the latter's balance sheet under the caption "liabilities" an item of $5,194.40 in favor of "P. A. Boulon—Personal." It is possible that that was an obligation of the business as such in favor of the natural person P. A. Boulon. Such entry is not uncommon in accounting, we repeat. If that amount of $5,194.40 appeared in the balance sheet of the business as a liability thereof and in the contract of purchase and sale the purchaser bound himself to pay all the liabilities of the business, it is likewise possible that said item was one of the liabilities which the parties understood the purchaser specifically assumed under the contract. The contracting parties may make the agreements and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals, or public order. Section 1207 of the Civil Code, 1930 ed. If the fourth aver-

ment of the complaint and the terms of the deed, especially the second and eighth clauses, are read·together, the situation is not so obvious that without hearing the case on its merits a motion to dismiss for insufficiency should be granted. In saying this we are mindful, of course, that a motion to dismiss admits the well-pleaded allegations of the complaint, but does not admit the construction ascribed in the complaint to a written document, and that the legal effect of a writing attached to the complaint as an exhibit is to be determined by its own terms and the circumstances surrounding the case rather than by the allegations of the complaint. *Interstate Land Co.* v. *Maxwell Land Co.*, 139 U. S. 569; *Equitable Life* ·v. *Brown*, 213 U. S. 25, 43; *Zelingson* v. *Hartman-Blair Inc.*, 126 F. 2d 595.

According to the doctrinal writer Moore in his work, volume, section and page cited "A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim. But a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." On the other hand, as stated by the Court of Appeals for the Fourth Circuit in *Tahir Erk* v. *Glenn L. Martin Co.*, 116 Fed. 2d 865, 4 Fed. Rules Service 12*b*.34, case 1, p. 143, ". . . in weighing the validity of a motion to dismiss for insufficiency, the duty of the court is not to test the final merit of the claim in order to determine which party is to prevail. Our duty, rather, is to consider whether in the light most favorable to the plaintiff, and with every intendment regarded in his favor, the complaint is sufficient to constitute a valid claim." See also ·*Cohen* v. *United States*, 129 Fed. 2d 733, 6 Fed. Rules Serv., ·case 1, p. 112 and *Leimer* v. *State Mutual Life Assurance*

*Co.*, 108 Fed. 2d 302, 2 Fed. Rules Serv., p. 86; cf. *National City Bank* v. *De la Torre*, 49 P.R.R. 562, and *Rossy* v. *Del Valle*, 45 P.R.R. 599.

We really believe that accepting the allegations of the complaint, as complemented by the deed attached thereto, in the light most favorable to the plaintiff, it cannot be said with all certainty that the complaint fails to state a claim. We deem that it is only fair to deny the motion to dismiss and to remand the case to the lower court in order that after giving the parties an opportunity to be heard and to explain the scope of the deed executed by them, it may determine which was in fact the contract entered into.

We are in no way prejudging the result of the litigation. We only hold that since it is not at all clear that the complaint fails to state a claim, the parties should be given an opportunity to explain the true scope of the contract.

In view of the foregoing conclusion, it is unnecessary to discuss the second error assigned in connection with the imposition of attorney's fees.

The judgment appealed from will be reversed, the motion to dismiss denied and the case remanded to the lower court for further proceedings.